Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| PRIYA PRAKASH, an Individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>　　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $800,000<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Priya Prakash, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Priya Prakash, lives in Multnomah County, Oregon. Defendant is a public corporation incorporated in, and with a principal place of business, in Oregon. The OHSU Board of Directors, whose members are appointed by the governor and approved by the State Senate, governs the university. As a public

corporation, it receives federal and state funding. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about September 12, 2023.

2.

At all times material to this Complaint, Plaintiff was a resident of Multnomah County, Oregon.

3.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

**STATEMENT OF FACTS**

4.

Plaintiff worked without incident for approximately three years as a Coding Specialist for Defendant. Her position was fully remote, and she worked successfully and exclusively from home. Plaintiff's work did not involve physical entry or presence at Defendant's facilities under any circumstances.

5.

Plaintiff is also a devoutly religious individual who adheres to principles of a Hindu faith and is dedicated to following the tenets of her faith to the best of her ability.

6.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements. The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked for health care facilities.

7.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with medical conditions or religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for medical and religious exceptions. As a devout Hindu, Plaintiff had serious objections to taking the vaccine because she believes that her body is the abode of God, and it is her duty to respect it by believing in God's power of healing and ensuring the purity and balance of elements in her body. As part of this strongly and sincerely held belief, she has throughout her life followed strict discipline in what she introduces to her body. On or about September 14, 2021, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted.

8.

In addition, Plaintiff was already going through some health issues which caused her to be intermittently taking FMLA leave (Family Medical Leave Act).

10.

On October 1, 2021, Plaintiff was informed that her religious exception was denied and that she would be terminated. Plaintiff agonized over the decision to become vaccinated, but eventually felt forced to go against her religious beliefs and take the first dose of the COVID vaccine in order to keep her job. This was one of the most difficult decisions that she has ever made, as it went against all her values and beliefs that she had upheld up in her life. After the first dose of vaccine, all her health issues aggravated to such an extent that she did not go back for the second dose. Plaintiff's health got worse, such that she spent most of 2022 bed bound. Plaintiff was placed on unpaid leave on or about October 19, 2021, and received her termination letter from Defendant on October 21, 2021.

11.

Plaintiff was devastated and was caused tremendous stress, insomnia and anxiety over the decision to go against her beliefs in order to keep her job. There was no reason that Plaintiff could not have continued working remotely. Working remotely from home was productive and satisfactory for both Plaintiff and Defendant. There was no need for additional accommodation as she was already working remotely full-time. Forcing Plaintiff into choosing between her livelihood and her religion was cruel and unnecessary, and caused Plaintiff physical, mental and emotional harm, grief, upset and anguish.

12.

The termination of Plaintiff's pay and benefits, including medical benefits and retirement, has had a significantly negative impact on her life. Prior to her termination, Plaintiff was earning approximately $55,400 yearly, plus a generous benefits package.

13.

The Defendant has yet to explain why, in its view, after three years working remotely, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her to choose between her religious beliefs and her job or termination.

14.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. Plaintiff did not need any additional accommodation as she was already working fully remotely. Instead, Defendant took the most drastic employment action it

could against Plaintiff with an unlawful discriminatory intent.

15.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and emotional distress. She also has been ostracized and stigmatized unfairly for her religious convictions, resulting in emotional and physical stress, and trauma.

16.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

17.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

18.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

19.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an unfair hardship to have allowed Plaintiff to continue remotely from home, as was done for the three years before the imposition of the COVID-19 vaccine mandate.

20.

Instead of continuing the reasonable accommodation that was already in place and that would have allowed accommodation for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

21.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $300,000.00 in economic damages in past and future wage loss, or a different amount to be determined at trial, and for non-economic damages of no less than $500,000.00 or in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

22.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

23.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

24.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

25.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working remotely, as was done for the three years before the imposition of the COVID-19 vaccine mandate.

26.

Instead of continuing the reasonable accommodation that was already in place and that would have allowed accommodation for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

27.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $300,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

//
//
//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $800,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 9th day of November, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff