IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PRIYA PRAKASH**, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>**OREGON HEALTH AND SCIENCE UNIVERSITY**, an independent public corporation,<br><br>Defendant. | Case No. 3:23-cv-01653-IM<br><br>**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Caroline Janzen, Janzen Legal Services, LLC, 4550 SW Hall Blvd, Beaverton, OR 97005. Attorney for Plaintiff.

Madeleine Sophie Shaddy-Farnsworth, Thomas R. Johnson, and Brenda K. Baumgart, Stoel Rives LLP, 760 S.W. Ninth Ave., Suite 3000, Portland, OR 97205 Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant Oregon Health and Science University's ("OHSU") Motion to Dismiss ("MTD"), ECF 6, under Federal Rule of Civil Procedure 12(b)(6). Defendant contends that Plaintiff Priya Prakash's Complaint ("Compl."), ECF 1, fails to allege sufficient

PAGE 1 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

facts to state a claim for religious discrimination under Title VII of the Civil Rights Act.[1] *See* MTD, ECF 6 at 5–10. Plaintiff counters that, in general, "plaintiffs should not be penalized for not articulating their religious beliefs with perfect clarity and precision." Plaintiff's Response to Defendant's Motion to Dismiss ("Resp."), ECF 9 at 5. This Court holds that the Complaint lacks the allegations needed to survive 12(b)(6) scrutiny and thus GRANTS the Motion to Dismiss with leave for Plaintiff to amend her Complaint.

## BACKGROUND

The facts below are those contained in the Complaint.[2] Plaintiff worked for Defendant for about three years as a Coding Specialist. Compl., ECF 1 ¶ 4. Plaintiff worked remotely from home, and her job did not require her physical presence at Defendant's facilities. *Id.* ¶ 4. She worked for Defendant during the early stages of the COVID-19 pandemic. *See id.* ¶¶ 6–7.

In the Summer of 2021, Defendant announced that it was rolling out a COVID-19 vaccine mandate that permitted exceptions based on religious belief and preexisting medical conditions. *Id.* ¶ 7. On or about September 14, 2021, Plaintiff submitted her religious exemption paperwork, but Defendant denied it two weeks later. *Id.* ¶¶ 7, 10.[3] Plaintiff then received a single dose of the vaccine. *Id.* ¶ 10. Nonetheless, Plaintiff was placed on unpaid leave on or about October 19, 2021 and was then fired two days later. *Id.*

---

[1] Although Plaintiff also brought a claim under O.R.S. 659A.030, she has agreed to voluntarily dismiss this claim. MTD, ECF 6 at 2 n.1; Resp., ECF 9 at 2 n.1.

[2] On a motion to dismiss, this Court must accept all well-pleaded factual allegations from the Complaint as true and draw all reasonable inferences in the non-movant's favor. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

[3] The Complaint is missing a ¶ 9.

PAGE 2 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On November 9, 2023, Plaintiff filed this suit against Defendant, seeking damages exceeding $800,000, attorney's fees, and costs. *Id.* at 8 (Prayer for Relief). She alleges that Defendant unlawfully discriminated against her in the workplace based on her religious beliefs, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to e-17. *Id.* ¶¶ 16–27. In response, Defendant filed the Motion to Dismiss now before this Court on February 9, 2024. *See generally* MTD, ECF 6.

## LEGAL STANDARDS

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To be entitled to a presumption of truth, a complaint's allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

Plaintiff's Complaint lacks sufficient allegations regarding the conflict between her religious beliefs and a COVID-19 vaccine mandate to survive Defendant's Motion to Dismiss. This Court accordingly grants the Motion.

PAGE 3 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Under Title VII, it is unlawful for an employer "to discharge any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). To make a prima facie case of religious discrimination under Title VII, Plaintiff must show that: "(1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements." *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998) (citation omitted).

The Complaint makes four allegations concerning Plaintiff's religious beliefs. First, Plaintiff is "a devout Hindu" who "had serious objections to taking the vaccine because she believes that her body is the abode of God" and that "it is her duty to respect it by believing in God's power of healing and ensuring the purity and balance of elements in her body." Compl., ECF 1 ¶ 7. Second, "[t]here was no need for additional accommodation" for Plaintiff's religious beliefs "as she was already working remotely full-time." *Id.* ¶ 11. Third, "Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief." *Id.* ¶¶ 17, 23.[4] And fourth, "Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate." *Id.* ¶ 24. Only the fourth statement addresses a conflict between her religious belief and Defendant's vaccine mandate, but it does not describe the conflict.

This single conclusory allegation is insufficient under Rule 12(b)(6). Although "the burden to allege a conflict with religious beliefs is fairly minimal," courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value" and must

---

[4] The Complaint inexplicably refers to "[Plaintiff's] religious beliefs in the ten[ets] of Christianity," Compl., ECF 1 ¶¶ 17, 23, yet Plaintiff alleges that she follows Hinduism.

PAGE 4 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

still ask "whether [a plaintiff] has alleged an actual conflict." *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (citations omitted). This Court has previously dismissed Title VII complaints for failing to describe the conflict between the plaintiff's religious beliefs and the challenged employment action. *Craven v. Shriners Hosps. for Child.*, Case No. 3:22-cv-01619-IM, 2024 WL 21557, at *3 (D. Or. Jan. 2, 2024); *Gamon v. Shriners Hosps. for Child.*, Case No. 3:23-cv-00216-IM, 2023 WL 7019980, at *3 (D. Or. Oct. 25, 2023). Because the Complaint here likewise fails to explain how Plaintiff's Hindu beliefs conflict with a vaccine mandate, it must be dismissed.

This conclusion comports with those of other courts. *See, e.g.*, *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023) ("[V]ague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations." (citation omitted)); *Troulliet v. Gray Media Grp., Inc.*, CIVIL ACTION NO. 22-5256, 2023 WL 2894707, at *5 (E.D. La. Apr. 11, 2023) (holding that it was insufficient for a plaintiff to "rel[y] merely on her conclusory assertions that she remained unvaccinated because she would not violate her religious beliefs"); *Cagle v. Weill Cornell Med.*, 22-cv-6951 (LJL), 2023 WL 4296119, at *4 (S.D.N.Y. June 30, 2023) ("Bald allegations that a plaintiff has a religious belief and that those religious beliefs conflict with an employment requirement are insufficient to state a claim for religious discrimination under Title VII." (citation omitted)); *Rainey v. Westminster Pub. Schs.*, Civil Action No. 22-cv-03166-RMR-KAS, 2023 WL 6292722, at *3 (D. Colo. Sept. 27, 2023) ("Threadbare references to Plaintiffs' religious beliefs are insufficient to satisfy the first element of a failure to accommodate claim at the motion to dismiss stage." (citations omitted)); *see also Prodan v. Legacy Health*, No. 3:23-cv-01195-HZ, 2024 WL 665079, at *3 (D. Or. Feb. 12, 2024) ("[C]ourts appear to be in

PAGE 5 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

agreement that a general allegation of religious conflict without identifying a conflicting belief is insufficient to survive a motion to dismiss."). Consistent with the foregoing case law, Plaintiff's conclusory references to a conflict between a vaccine mandate and her religious beliefs cannot survive Rule 12(b)(6) scrutiny.

As this Court has previously explained, it is not an empty formalism to require that plaintiffs describe with some factual specificity the conflict between their religious beliefs and a vaccine mandate. *See Gamon*, 2023 WL 7019980, at *3 (citing cases). In some instances, further detail can reveal that a plaintiff opposed a vaccine because he believed it was carcinogenic—a medical belief that is not entitled to Title VII protection. *See, e.g.*, *Craven*, 2024 WL 21557, at *4; *see also Prodan*, 2024 WL 665079, at *3 ("[M]any courts have held that allegations of a religious belief coupled with a secular objection fails to plead a bona fide religious belief in conflict with an employment duty because the objection itself is secular."). In other cases, by contrast, further detail can show that a plaintiff's opposition to the vaccine stemmed from a religious belief—for instance, if the plaintiff alleges that her beliefs in the sanctity of human life meant that she could not inject "abort[ion]-tainted vaccinations" into her body. *See, e.g.*, *Gamon v. Shriners Hosps. for Child.*, No. 3:23-cv-00216-IM, 2024 WL 641715, at *3 (D. Or. Feb. 15, 2024). This Court does not prejudge whether Plaintiff's aversion to the COVID-19 vaccine falls into one category or the other; rather, it dismisses her Complaint because she fails to say enough for this Court to make that determination.

Consequently, this Court does not find at this stage that it is "clear that the complaint could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (quotation marks omitted) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)). Plaintiff thus has leave to amend her Complaint. *See* Resp., ECF 9 at 8–9.

## CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's Motion to Dismiss, ECF 6, with leave for Plaintiff to amend her Complaint. Any amended complaint must be filed within fourteen days.

**IT IS SO ORDERED.**

DATED this 4th day of April, 2024.

/s/ Karin J. Immergut  
Karin J. Immergut  
United States District Judge