IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PRIYA PRAKASH**, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>**OREGON HEALTH AND SCIENCE UNIVERSITY**, an independent public corporation,<br><br>Defendant. | Case No. 3:23-cv-01653-IM<br><br>**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

Caroline Janzen, Janzen Legal Services, LLC, 4550 SW Hall Blvd, Beaverton, OR 97005. Attorney for Plaintiff.

Madeleine Sophie Shaddy-Farnsworth, Thomas R. Johnson, and Brenda K. Baumgart, Stoel Rives LLP, 760 S.W. Ninth Ave., Suite 3000, Portland, OR 97205 Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant Oregon Health and Science University's ("OHSU")

Motion to Dismiss ("MTD"), ECF 24, under Federal Rule of Civil Procedure 12(b)(6).

Defendant contends that Plaintiff Priya Prakash's First Amended Complaint ("FAC"), ECF 21,

fails to plead a prima facie claim for religious discrimination under Title VII of the Civil Rights

PAGE 1 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Act. *See* MTD, ECF 24 at 5–12. Plaintiff disagrees, arguing that she "provided" Defendant with an "extensive explanation . . . as to the religious beliefs regarding maintenance of her health and why taking a man-made vaccine would impermissibly stray from her belief system." Plaintiff's Response to Defendant's Motion to Dismiss ("Resp."), ECF 28 at 2.

This Court holds that the Amended Complaint lacks the allegations needed to survive 12(b)(6) scrutiny and thus GRANTS the Motion to Dismiss with prejudice.

## BACKGROUND

The facts below are those contained in the Amended Complaint.[1] Plaintiff worked for Defendant for about three years as a Coding Specialist. FAC, ECF 21 ¶ 4. Plaintiff worked remotely from home, and her job did not require her physical presence at Defendant's facilities. *Id.* She worked for Defendant during the early stages of the COVID-19 pandemic. *See id.* ¶¶ 6–7.

In the summer of 2021, Defendant announced that it was rolling out a COVID-19 vaccine mandate that permitted exceptions based on religious beliefs and preexisting medical conditions. *Id.* ¶ 8. On or about September 14, 2021, Plaintiff submitted her religious exemption paperwork, but Defendant denied it two weeks later. *Id.* ¶¶ 10, 12. Plaintiff then received a single dose of the vaccine. *Id.* ¶ 12. Nonetheless, Plaintiff was placed on unpaid leave on or about October 19, 2021 and was then fired two days later. *Id.*

On November 9, 2023, Plaintiff filed this suit against Defendant, seeking damages exceeding $800,000, attorney's fees, and costs. *Id.* at 7–8 (Prayer for Relief). She alleges that Defendant unlawfully discriminated against her in the workplace based on her religious beliefs, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to e-17. *Id.* ¶¶ 19–24.

---

[1] On a motion to dismiss, this Court must accept all well-pleaded factual allegations from the Complaint as true and draw all reasonable inferences in the non-movant's favor. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

PAGE 2 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This Court dismissed Plaintiff's First Complaint, ECF 1, on April 4, 2024, with leave to amend. *See* Opinion & Order, ECF 15. The First Complaint, this Court held, lacked sufficient allegations to plead a prima facie claim under Title VII. *Id.* at 6. This Court gave Plaintiff fourteen days to file an amended complaint. *Id.* at 6–7.

Plaintiff did not file an amended complaint within the allotted time period. *See* Order Dismissing This Action for Failure to Prosecute, ECF 16. Accordingly, this Court dismissed Plaintiff's case, primarily in view of Plaintiff's counsel's repeated failure to abide by deadlines and local court rules before both this Court and other judges of the District of Oregon. *Id.*; *see also* Opinion & Order Granting Plaintiff's Motion for Reconsideration ("Reconsideration Op."), ECF 20 (cataloging many such instances). Plaintiff then filed a motion for reconsideration, ECF 18, which this Court granted, *see* Reconsideration Op., ECF 20. In doing so, though, this Court did not find that Plaintiff's conduct amounted to excusable neglect, and it warned Plaintiff's counsel that any future untimeliness by seven days or more would likely result in dismissal with prejudice. *Id.*

Since receiving this warning, Plaintiff has generally complied with this Court's deadlines in this case. Plaintiff filed the Amended Complaint, ECF 21, on May 14, 2024. Defendant moved to dismiss on June 11, 2024. MTD, ECF 24.

## LEGAL STANDARDS

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To be entitled to a presumption of truth, a complaint's allegations "may not simply recite the elements of a cause of

PAGE 3 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

Plaintiff's Amended Complaint does not sufficiently allege a conflict between her religious beliefs and a COVID-19 vaccine mandate to survive Defendant's Motion to Dismiss. This Court accordingly grants the Motion.

Under Title VII, it is unlawful for an employer "to discharge any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). To make a prima facie case of religious discrimination under Title VII, Plaintiff must show that: "(1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements." *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998) (citation omitted). At issue here is the first element, specifically whether Plaintiff has sufficiently alleged a conflict between her religious beliefs and employment duties.

As both parties agree, the crux of Plaintiff's claim for religious accommodation is the following description of her beliefs that she sent to Defendant as part of her exemption form:

> I follow the Hindu religion and my and beliefs and habits are guided by the traditions, practices and principles laid out in the various Hindu scriptures like the Bhagwat Gita, the Atharva Veda, the Rig Veda etc. Here I would like to specifically highlight the Atharva Veda, The Ayurveda and related scriptures on health and

PAGE 4 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

> immunity. Accordingly, I believe that the health of my body and associated immunity to diseases is increased by maintaining the balance between the three Doshas (elements) in your body – Kapha (water and earth), Vata` (air and space) and Pita (fire). This balance is maintained by following proper diet, watching what you introduce into your body and maintaining an active exercise and proper mind body balance through practice of Yoga. I would like to quote the following from the Yajur Veda –
>
> "Shatum vo amba Damani sahasthramoodta vo ruhaha adhaa shatakratyo yooyamimum meagadhum krita" (the Yajurveda 12/76), which essentially means – body is the principal means of dharma, artha, kama and moksha therefore good health must be maintained by proper diet, discipline, daily routine and benevolent conduct.
>
> According to my belief system (listed above), Vyadhi (or diseases) are conditions which come into existence as a consequence of non-equilibrium between Doshas (as defined above). According to this system, improving Vyadhikshamtva (immunity) is through the use of immunization measures like Rasayana and Lehana. These are ways for attaining excellence in all body tissues and functions and thereby increasing the immune response of body through special measures and naturally derived formulations. Immunity and immune modulation through Rasayana and Lehana Therapy is further detailed in [1]. The mechanisms by which action of Rasayan can be explained is - nutritive functions, immunomodulatory actions, antioxidant actions, anti-aging effect, neuroprotective action, haemopoietic effect etc.
>
> Hence as per my belief system (detailed above), attaining good Vyadikshamatva (immunity), we use various regiments and follow conducts as described above. I have followed these habits and discipline so far in my life and I am very happy and healthy as a result and I wish to maintain this discipline. I request you to grant me an exemption from COVID vaccine.

FAC, ECF 21 ¶ 9; *see also* ECF 24-1 at 1–2 (Plaintiff's original exemption form).[2]

---

[2] Like Plaintiff does in her Response, and consistent with case law, this Court refers to this form as providing Plaintiff's key Title VII allegations. *See Craven v. Shriners Hosps. for Child.*, Case No. 3:22-cv-01619-IM, 2024 WL 21557, at *4–5 (D. Or. Jan. 2, 2024); *Ruscitti v. Legacy Health*, 3:23-cv-00787-JR, 2024 WL 2092949, at *3 (D. Or. Mar. 18, 2024), *findings and recommendation adopted*, 2024 WL 2078399 (May 8, 2024); *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023).

On the facts alleged, this Court does not question the sincerity of Plaintiff's religious beliefs; what is not apparent in her exemption form, however, is any explanation as to why a COVID-19 vaccine would be in conflict with these particular religious beliefs. Although "the burden to allege a conflict with religious beliefs is fairly minimal," courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value" and must still ask "whether [a plaintiff] has alleged an actual conflict." *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (citations omitted). There are no such allegations here. Even construed in Plaintiff's favor, the description explains only that Plaintiff must maintain an equilibrium of "Doshas"—it is unclear how a COVID-19 vaccine interferes with that equilibrium or how such a vaccine is inconsistent with Plaintiff maintaining a "proper diet, discipline, daily routine and benevolent conduct." *See Bulek v. Kaiser Found. Hosps.*, No. 3:23-cv-01585-MO, 2024 WL 1436134, at *3 (D. Or. Apr. 3, 2024) ("[P]laintiffs still must say what the conflict is." (citation omitted)); *Kamrath v. Addictions Recovery Ctr., Inc.*, Case No. 1:23-cv-01516-MC, 2024 WL 2785385, at *3–4 (D. Or. May 30, 2024) (reinforcing this rule). Permitting Plaintiff's claim to go forward would essentially erase the "conflict" requirement out of Title VII. *See Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993) (explaining that, among other things, "the employee must" prove that she held a religious belief "which conflicted with an employment duty" and must have "informed [the] employer of the belief and conflict").

Plaintiff offers two principal responses, both of which are unavailing. *First*, she contends that a natural inference from her exemption form is that "taking a man-made vaccine would violate the tenets of the Yajur Veda." Resp., ECF 26 at 7. But the exemption form does not say anything about "man-made vaccines," nor do the allegations contained in the form even gesture toward that particular concept. This Court therefore cannot rewrite the exemption form as

PAGE 6 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff asks. No court is permitted to make "unwarranted deductions of fact" or "unreasonable inferences" under Rule 12(b)(6). *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

*Second*, Plaintiff cites several cases, including the Eighth Circuit's recent opinion in *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894 (8th Cir. 2024), for the proposition that "beliefs do not have to be uniform across all members of a religion or 'acceptable, logical, consistent, or comprehensible to others.'" Resp., ECF 26 at 10 (quoting *Ringhofer*, 102 F.4th at 902). Plaintiff's reliance on these cases is misdirected. Again, at this stage, this Court does not question whether Plaintiff's particular beliefs are religious or genuine. The issue for Plaintiff is that she has not explained how her allegedly genuine religious beliefs conflicted with a COVID-19 vaccine, as she must under binding Ninth Circuit precedent. *See Bulek*, 2024 WL 1436134, at *3 (explaining that this "boils down to a pleading requirement issue").

In this respect, *Ringhofer* does not advance Plaintiff's case. The *Ringhofer* Court had no occasion to discuss the "conflict" pleading requirements of Title VII because the allegations in that case so clearly satisfied them: one plaintiff said "[s]he does not believe in putting unnecessary vaccines or medications into her body" and another said that "[s]hifting [her] faith from [her] Creator to medicine is the equivalent of committing idolatry." *Ringhofer*, 102 F.4th at 902. Other plaintiffs made clear that they opposed abortion on religious grounds. *Id.* at 901 (quoting from three complaints); *see also Gamon v. Shriners Hosps. for Child.*, Case No. 3:23-cv-00216-IM, 2024 WL 641715, at *3–5 (D. Or. Feb. 15, 2024) (also holding that such allegations satisfy Title VII's pleading requirements). The difference between the statements in *Ringhofer* and those in Plaintiff's submissions is stark.

PAGE 7 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

In sum, Plaintiff has not sufficiently pleaded a conflict between her Hindu beliefs and the COVID-19 vaccine. Because the only allegations Plaintiff may raise are those that she provided to her employer at the time she applied for an exemption, any amendment would be futile, and the dismissal accordingly must be with prejudice. *See supra* at n.2. In any event, moreover, Plaintiff has already had the opportunity to amend her Complaint. *See Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012).

## CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF 24, with prejudice.

**IT IS SO ORDERED.**

DATED this 22nd day of July, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge